**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30267 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00013-WFN-1 |
| v. | |
| RAUL VILLACANA-OCHOA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Argued and Submitted May 4, 2011
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Raul Villacana-Ochoa appeals his conviction and sentence for unlawful

reentry under 8 U.S.C. § 1326. Villacana-Ochoa contends that the district court

improperly admitted three pieces of evidence at trial: (1) incriminating statements

he made during an interview with an immigration agent; (2) a certificate of non-

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

existence of a record ("CNR"); and (3) a warrant of deportation. He also contends that he was entitled to a reduction of his sentence for acceptance of responsibility and that his sentence was unreasonably long. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.[1]

1. Villacana-Ochoa contends that evidence of incriminating statements he made during an interview with an immigration agent should have been suppressed because he was not given a *Miranda* warning prior to the interview, and the statements were inadmissible under hearsay rules and the Confrontation Clause. However, even assuming error in the denial of Villacana-Ochoa's motion to suppress, it was harmless because the other evidence at trial was more than sufficient to support the verdict. *See Neder v. United States*, 527 U.S. 1, 18 (1999) (stating that a trial error is harmless if it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error").

2. Villacana-Ochoa contends that the affiant of the CNR was not a proper witness at trial for purposes of the Confrontation Clause because the affiant did not perform the database search himself. Nonetheless, the affiant was a proper witness because he was the supervisor of the agency staff member that completed the

---

[1] The parties are familiar with the facts, and we repeat them here only as necessary to explain our decision.

search, he was familiar with the search techniques generally used, and he personally certified the conclusion that no record existed based on the search. *Cf. Melendez-Diaz v. Mass.*, 129 S. Ct. 2527, 2533-34, 2536 (2009) (explaining that the Confrontation Clause protects a defendant's right to cross-examine a witness as to the witness's written testimony against the defendant and to test the trustworthiness of the testimony). Accordingly, the admission of the CNR did not violate the Confrontation Clause and was not an abuse of discretion.

3. Villacana-Ochoa admits that *United States v. Orozco-Acosta*, 607 F.3d 1156, 1163-64 (9th Cir. 2010), forecloses his argument that warrants of deportation are testimonial. Because the panel is bound by *Orozco-Acosta*, Villacana-Ochoa's argument necessarily fails. *See United States v. Washington*, 593 F.3d 790, 798 n.9 (9th Cir. 2010) (en banc) (stating that three-judge panels are bound by precedent under the law-of-the-circuit rule).

4. Villacana-Ochoa's challenges to his sentence are unavailing. Although he contends he was entitled to a sentence reduction for acceptance of responsibility despite going to trial, he does not point to any evidence to support the reduction. *See* U.S.S.G. § 3E1.1, cmt. n.2 ("a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct"). Villacana-Ochoa also contends that the district court should have

reduced his sentence below the guidelines range, but, given Villacana-Ochoa's long history of serious criminal and immigration offenses, the district court did not abuse its discretion by sentencing him in the middle of the guidelines range. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (a defendant's sentence is reviewed for an abuse of discretion).

**AFFIRMED.**